George N. Yocum, Cahaba Valley Timber Company, Inc., Cahaba Valley Mulch, Inc., and Cahaba Valley Lumber Company, Inc., four of the defendants in an action pending in the Jefferson Circuit Court, petition this Court for a writ of mandamus directing the Jefferson Circuit Court to transfer this case to the Dallas Circuit Court pursuant to § 6-3-21.1, Ala. Code 1975, theforum non conveniens statute. We deny the petition.
 I. Procedural Background
Elizabeth W. Brown, a resident of Dallas County, commenced an action in the Jefferson Circuit Court against Cahaba Valley Timber Company, Inc. ("Cahaba Timber"); Cahaba Valley Lumber Company, Inc. ("Cahaba Lumber"); Cahaba Valley Mulch, Inc. ("Cahaba Mulch"); Cahaba Valley Services, Inc. ("Cahaba Services"); Pallet Source, Inc.; James A. Yocum, Jr.; and George N. Yocum, alleging breach of a contract that Brown, a former employee of Cahaba Timber, argues entitled her to a percentage of the profits of Cahaba Timber. Brown also asserted claims of fraud, suppression, and conversion against the Yocums and Cahaba Timber based on statements made to her while she was working for Cahaba Timber in Dallas County and asserted claims of interference with business relations against the Yocums, Cahaba Lumber, Cahaba Mulch, Cahaba Services, and Pallet Source based on their allegedly charging Cahaba Timber "exorbitant" fees or refusing to pay for Cahaba Timber's services in order to decrease its profitability and lessen the amount due Brown as a percentage of the profits.
Cahaba Timber, Cahaba Lumber, Cahaba Mulch, and George Yocum, all of whom reside or have their principal place of business in Dallas County (hereinafter referred to collectively as "the Dallas County defendants") moved to transfer the action to Dallas County pursuant to § 6-3-21.1, Ala. Code 1975, which permits transfer of a civil action "for the convenience of parties and witnesses, or in the interest of justice."[1] The Dallas County defendants submitted the sworn testimony of George Yocum in support of their motion. Brown submitted no evidence in opposition to the transfer. The trial court denied the motion to transfer. The Dallas County defendants then petitioned this Court for a writ of mandamus.
 II. Factual Background
According to Brown's complaint, she is a resident of Dallas County; Cahaba Timber's principal place of business is in Dallas County; Cahaba Services' principal place of business is in Dallas County; Cahaba Mulch's principal place of business is in Dallas County; Cahaba Lumber's principal place of business is in Dallas County; and George Yocum resides in Dallas County. Pallet Source's principal place of business is in Jefferson County, and James Yocum resides in Jefferson County.
Brown further alleges that she left her long-time employment with another company in Selma to work as general manager of Cahaba Timber pursuant to an employment contract that she says ultimately entitled her to 10% of the net profits of Cahaba Timber. Brown alleges that George Yocum and James Yocum operated and controlled several corporations that had entered into agreements with Cahaba Timber, including Cahaba Services, which, she alleges, charged Cahaba Timber excessive trucking costs, and Cahaba Mulch, Cahaba Lumber, and Pallet Source, which, she alleges, charged Cahaba Timber inflated prices for products they sold to Cahaba *Page 602 
Timber. According to Brown, all the defendants engaged in such conduct in an effort to create the appearance that Cahaba Timber was in financial trouble, thus driving down the amount due Brown as her share of the profits in Cahaba Timber. Brown says that James Yocum and Pallet Source (hereinafter referred to collectively as "the Jefferson County defendants") participated in this activity with full knowledge of her right to participate in a percentage of the net profits of Cahaba Timber.
 III. Standard of Review
The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for a writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver,492 So.2d 297, 302 (Ala. 1986). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Ex parte Integon Corp.,672 So.2d 497, 499 (Ala. 1995). "A writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte Nichols,757 So.2d 374, 376 (Ala. 1999). As the petitioners, the Dallas County defendants have the burden of proving that the trial court exceeded its discretion in refusing to transfer the case to Dallas County. 757 So.2d at 377. The trial court should give deference to the plaintiffs choice of a proper forum. Exparte Bloodsaw, 648 So.2d 553, 555 (Ala. 1994). "[T]he burden is on the party moving for the transfer to prove that the transferee forum is significantly more convenient than the plaintiffs chosen forum, see Ex parte Auto-Owners Ins.Co., 630 So.2d 435, 436 (Ala. 1993)." Ex parteNichols, 757 So.2d at 378.
 IV. Analysis
The Dallas County defendants do not contend that venue in Jefferson County is improper. Instead, they contend only that venue should be changed to Dallas County for the convenience of the parties and the witnesses or in the interest of justice.
The Dallas County defendants contend that all documents relating to Brown's complaint are located in Dallas County and that the employees of Cahaba Timber, Cahaba Mulch, Cahaba Lumber, and Cahaba Services live primarily in Dallas County; they do not specifically identify the documents or the employees. Unless we are to assume that Pallet Source maintains no records at its principal place of business in Jefferson County, this statement, on its face, cannot be correct. Further, as this Court stated in Ex parte Nichols,757 So.2d at 378, "`A party who claims that the location of documents is a consideration in a forum non conveniens
dispute must make a showing on the factors such as volume, necessity, and inconvenience that would support such a claim.'" (Quoting Ex parte Wiginton, 743 So.2d 1071, 1076
(Ala. 1999)). Because the Dallas County defendants make no such showing, we cannot consider the location of the documents in determining whether the trial court exceeded its discretion in denying the motion to transfer. Further, the inconvenience to nonparty witnesses does not weigh heavily where, as here, those witnesses are employees of the Dallas County defendants and their presence at trial can be secured by those defendants. SeeEx parte Nichols, 757 So.2d at 379 ("The location of the nonparty witnesses in *Page 603 
this case also does not figure heavily into this Court's determination. The nonparty witnesses are all employees of PBI whose presence at trial can be obtained by PBI.").
With respect to the interest of justice, the Dallas County defendants rely upon Ex parte First Family FinancialServices, Inc., 718 So.2d 658, 659 (Ala. 1998), and Exparte Independent Life Accident Insurance Co.,725 So.2d 955 (Ala. 1998). In First Family, this Court dealt with a situation where the plaintiff never resided in the forum county, no transaction between the plaintiff and the defendant ever occurred there, and the defendant had no office, employees, or documents in the forum county. Under those circumstances, this Court concluded that the interest of justice required that the action be transferred. In Independent Life, all of the transactions at issue took place in Montgomery County; the plaintiffs lived in Montgomery County; the three insurance agents all worked out of the Montgomery office of Independent Life; and it appeared that the one agent who lived in Lowndes County, where the action was commenced, did not sell any of the policies at issue, and, at most, played a minor role in the events giving rise to the action. We concluded that "this case has no nexus with Lowndes County that would justify burdening that county with the trial of this case." 725 So.2d at 957.
The Jefferson County defendants, two of the alleged principal wrongdoers, operate out of Jefferson County. The facts here are substantially different from those before this Court inFirst Family and Independent Life, where the forum county had little, if any, contact with the matters made the basis of the action. Because of the nexus between Jefferson County and the alleged participation of the two Jefferson County defendants in the alleged scheme to overcharge Cahaba Timber so as to deflate its profits and hence the amount due Brown, we cannot say that the trial court exceeded its discretion in failing to conclude that, in the interest of justice, Jefferson County should not be burdened with the trial of this case.
 V. Conclusion
The Dallas County defendants have not made a sufficient showing that the trial court exceeded its discretion in denying their motion to transfer this action to Dallas County. We therefore deny their petition for a writ of mandamus.
PETITION DENIED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] Cahaba Services did not join in the motion to transfer the case to Dallas County.