MURDOCK, Justice.
 

 American Resources Insurance Company, Inc. (“ARIC”), filed a declaratory-judgment action in the Mobile Circuit Court against Restoration Coatings & Sealants, Inc. (“Restoration Coatings”). ARIC is an Alabama corporation with its principal place of business in Mobile County; Restoration Coatings is an Alabama corporation with its principal place of business in St. Clair County. ARIC petitions this Court for a writ of mandamus directing the trial court to vacate an order granting Restoration Coatings’ motion to transfer the case to the St. Clair Circuit Court based on Ala.Code 1975, § 6-3-21.1(a) (the
 
 forum non conveniens
 
 statute). We grant the petition and issue the writ.
 

 In August 2009, Brasfield & Gorrie, LLC (“Brasfield & Gorrie”), filed a third-
 
 *120
 
 party complaint against Restoration Coatings and several other defendants in an action pending in Escambia County, Florida (“the Escambia County action”). The action against Brasfield & Gorrie arose out of alleged defects in the construction of the Sea Watch Condominiums, which are located in Escambia County, Florida. Brasfield & Gorrie served as the general contractor on the condominium project; Restoration Coatings was one of its subcontractors.
 

 In its third-party complaint, Brasfield & Gorrie alleged that Restoration Coatings had performed defective work related to the exterior caulking, waterproofing, and deck coating at the condominium project. Its claims against Restoration Coatings were based on an indemnity provision in Restoration Coatings’ subcontract, common-law indemnity, and contribution. ARIC, which had issued a commercial general-liability insurance policy to Restoration Coatings, defended Restoration Coatings in the Escambia County action under a reservation of rights.
 
 [1]
 

 In February 2010, ARIC filed its complaint in the Mobile Circuit Court, seeking a judgment declaring whether there had been an “occurrence,” as defined in the policy it had issued to Restoration Coatings, and, if there had been an “occurrence,” whether it occurred during the coverage period under the policy. ARIC also alleged that the policy did not cover certain damage that was the subject of Bras-field
 
 &
 
 Gorrie’s third-party complaint. ARIC requested that the court enter an order declaring that it had no duty to defend or to indemnify Restoration Coatings.
 

 Restoration Coatings filed a “Motion for Change of Venue Pursuant to the Doctrine of Forum Non Conveniens.” Restoration Coatings asserted that the case should be transferred from the Mobile Circuit Court to the St. Clam Circuit Court pursuant to § 6-3-21.1(a) because, it argued, St. Clair County was a more convenient forum for the parties and the witnesses and the interest of justice necessitated a transfer. ARIC opposed the motion.
 

 In April 2010, the trial court entered an order granting Restoration Coatings’ motion. ARIC petitions this Court for a writ of mandamus directing the trial court to vacate the April 2010 order.
 

 “ ‘A writ of mandamus is a
 

 “ ‘ “drastic and extraordinary writ, that will issue only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
 

 “Ex parte Wood,
 
 852 So.2d 705, 708 (Ala.2002) (quoting
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993)). Mandamus is the appropriate device by which to challenge a trial court’s decision on a motion for a change of venue.
 
 Ex parte Sawyer,
 
 892 So.2d 919 (Ala.2004). Furthermore, ‘[t]his Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue.’
 
 Ex parte Perfection Siding, Inc.,
 
 882 So.2d 307, 310 (Ala.2003) (citing
 
 Ex parte Scott Bridge Co.,
 
 834 So.2d 79, 81 (Ala.2002)). ‘Also, in considering such a mandamus petition, this Court is limited to those
 
 *121
 
 facts that were before the trial court.’
 
 Ex parte Perfection Siding, Inc.,
 
 882 So.2d at 310 (citing
 
 Ex parte Pike Fabrication, Inc.,
 
 859 So.2d 1089, 1091 (Ala.2002)).”
 

 Ex parte Fuller,
 
 955 So.2d 414, 415 (Ala.2006).
 

 Alabama’s
 
 forum non conveniens
 
 statute provides:
 

 “With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein....”
 

 Ala.Code 1975, § 6-3-21.1(a).
 

 It is undisputed that St. Clair County would be a proper venue for this case. The sole basis for Restoration Coatings’ motion was that a transfer was proper under § 6-3-21.1(a), specifically that a transfer was required based upon (1) “the convenience of parties and witnesses” or (2) “the interest of justice.”
 
 [2]
 
 ARIC argues that Restoration Coatings did not meet its burden of proof as to either of the grounds for transfer. See
 
 Ex parte National Sec. Ins. Co.,
 
 727 So.2d 788, 789 (Ala.1998) (“A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.”). We agree.
 

 The only evidence Restoration Coatings submitted in support of its motion for a change of venue was a copy of its articles of incorporation, which indicate that its principal office is located in St. Clair County and that its officers are residents of St. Clair County, and an affidavit from Tony Hodges, which states:
 

 “1. I am a principal in Restoration Coatings & Sealants, Inc. (‘Restoration’), a St. Clair County, Alabama corporation.
 

 “2. Since its incorporation, Restoration maintains its office and primary place of business in St. Clair County, Alabama, at 1901 Courson Court, Suite 104, Leeds, Alabama.
 

 “3. Restoration purchased its policy from American Resources Insurance Company (‘ARIC’) through an independent insurance agent, and the policy was delivered directly to it at Restoration’s office at 1901 Courson Court, Suite 104, Leeds, Alabama, in St. Clair County.
 

 “4. Restoration has no contacts in Mobile, Alabama.
 

 “5. Restoration has no agents, employees or property in Mobile, Alabama.”
 
 [3]
 

 
 *122
 
 Also, it is undisputed that ARIC has its principal place of business in Mobile County-
 

 The purpose of the doctrine of
 
 forum non conveniens
 
 is to “prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.”
 
 Ex parte New England Mut. Life Ins. Co.,
 
 663 So.2d 952, 956 (Ala.1995). In applying § 6-3-21.1, this Court has noted that a trial court should not grant a motion to transfer a case based on “the convenience of parties and witnesses” “unless the forum to which the case is to be transferred is ‘ “ ‘significantly more convenient’ than the forum in which the action is filed, as chosen by the plaintiffs.”’”
 
 Ex parte Bloodsaw,
 
 648 So.2d 553, 555 (Ala.1994) (quoting
 
 Ex parte Johnson,
 
 638 So.2d 772, 774 (Ala.1994), quoting in turn
 
 Ex parte Townsend,
 
 589 So.2d 711, 715 (Ala.1991)); see also
 
 Ex parte New England Mut. Life Ins. Co.,
 
 supra.
 

 The evidentiary submission of Restoration Coatings does not support the conclusion that the St. Clair Circuit Court is a significantly more convenient venue for the parties
 
 and
 
 the witnesses than is the Mobile Circuit Court. Although the transfer might result in a more convenient venue for Restoration Coatings, that is not the test. See
 
 Ex parte Nichols,
 
 757 So.2d 374, 379 (Ala.1999) (“[W]hile a trial in Winston County might be more convenient for the Nicholses, it would be less convenient for the PBI principals, both of whom are key witnesses.... The doctrine of
 
 forum non conveniens
 
 ‘provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.’ ”). “Where, as in this case, ‘one party or the other will be equally inconvenienced, [the] plaintiffs choice of forum will not be disturbed.’ ”
 
 Id.
 
 Nor is there any evidence concerning how convenient St. Clair County would be for any witness who will be called at trial. Indeed, for all that appears, the pertinent witnesses will be persons who performed work on the condominium project in Escambia County, Florida, which is much closer to Mobile County than to St. Clair County. Restoration Coatings offered no evidence, however, concerning who the witnesses at trial might be, where they resided, or how the St. Clair Circuit Court might be a more convenient venue for them than the Mobile Circuit Court. Thus, the trial court could not properly have concluded that the case should be transferred to St. Clair County
 
 “for
 
 the convenience of parties and witnesses.”
 

 Likewise, the evidence does not support the conclusion that “the interest of justice” mandates that the case be transferred to St. Clair County. As this Court stated in
 
 Ex parte McKenzie Oil Co.,
 
 13 So.3d 346, 349 (Ala.2008):
 

 “ ‘This Court has held that litigation should be handled in the forum where the injury occurred.’
 
 Ex parte Fuller,
 
 955 So.2d 414, 416 (Ala.2006), citing
 
 Ex parte Sawyer,
 
 892 So.2d 898, 904 (Ala.2004). Furthermore, the ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to
 
 *123
 
 the action.’
 
 Ex parte National Sec. Ins. Co.,
 
 727 So.2d at 790. Thus, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’
 
 Ex parte First Tennessee Bank Nat’l Ass’n,
 
 994 So.2d 906, 911 (Ala.2008). McKenzie therefore had the burden of demonstrating ‘“that having the case heard in [the county to which transfer was sought] would more serve the interest of
 
 justice....”’ Ex parte First Tennessee Bank,
 
 994 So.2d at 909 (quoting
 
 Ex parte Fuller,
 
 955 So.2d at 416).”
 

 In support of its motion to transfer, Restoration Coatings focused on the fact that the insurance policy was “negotiated, issued, and delivered” in St. Clair County, which ARIC concedes in its petition to this Court. As ARIC correctly notes, however, there is no issue in this case concerning whether ARIC issued the policy or whether some fraud or other wrongful conduct occurred in St. Clair County in relation to the issuance of the policy. The only issue is whether the events that form the basis for the Escambia County action fall within the coverage of the policy.
 

 ARIC has its principal office in Mobile County. That county appears to have as much interest in the proper resolution of a coverage dispute between its resident insurance corporation and the insured corporation from St. Clair County as does St. Clair County. Certainly it cannot be said that the “ ‘ “connection” between the plaintiffs action and the original forum [Mobile County] is [not] strong enough to warrant burdening the plaintiffs forum with the action.’ ”
 
 Ex parte McKenzie Oil Co.,
 
 13 So.3d at 349. Likewise, it cannot be said that Mobile County is “‘a county with little, if any, connection, to the action,’ ”
 
 id.,
 
 or that in comparison St. Clair County is a “ ‘county with a strong connection to the action.’ ”
 
 Id.
 
 In short, the facts before us simply do not support the conclusion that Restoration Coatings has met its burden of proving that transferring the case to St. Clair County would “more serve the interest of justice” than leaving the case in Mobile County.
 
 [4]
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
 

 [1]
 

 . The Escambia County action apparently was still pending when ARIC filed its petition for a writ of mandamus with this Court.
 

 [2]
 

 . Restoration Coatings did not argue to the trial court that Mobile County was an improper venue under § 6-3-7(a), Ala.Code 1975. Thus, any such argument has been waived. See
 
 Ex parte Navistar, Inc.,
 
 17 So.3d 219, 221 n. 1 (Ala.2009). Likewise, no issue has been presented as to whether § 6-3-21.1 (a) might be inapplicable on the ground that venue in Mobile County was improper. See
 
 Ex parte New England Mut. Life Ins. Co.,
 
 663 So.2d 952, 956 (Ala.1995) ("The doctrine of forum non conveniens ... codified at § 6-3-21.1 ... has a field of operation only where an action is commenced in a county in which venue is appropriate.”). Thus, ARIC has waived any argument that § 6-3-21.1 (a) is inapplicable. Under the circumstances, we must treat Mobile County as a proper venue for this case.
 

 [3]
 

 . We note that statements 4 and 5 are in the present tense. Thus, it is unclear whether Restoration Coatings had contacts, agents, employees, or property in "Mobile, Alabama” at some time before Hodges executed the affidavit, including when ARIC issued the policy or when Restoration Coatings performed the work for Brasfield & Gorrie in Escambia County, Florida. Also, the statements refer to Mobile, Alabama, which could either be a reference to the City of Mobile or to Mobile County. Thus, it is unclear whether Restoration Coatings has or had contacts, agents,
 
 *122
 
 employees, or property in Mobile County in places other than the City of Mobile. Nevertheless, these ambiguities do not affect our analysis. In addition, we note that Restoration Coatings alleged in its motion that ARIC "does business throughout the state." It offered no evidence to support the allegation, though it does not appear that ARIC disputed it. Even assuming that statement were properly supported, however, it likewise does not affect our analysis. It too is an ambiguous statement; it does not address specifically whether ARIC did business in St. Clair County or whether ARIC's business "throughout the state” had any particular relation to or impact upon St. Clair County or its residents.
 

 [4]
 

 . We note that the present case is distinguishable from those cases relied upon by Restoration Coatings in which the plaintiff did not reside in the county where the action was filed and/or in which the complained-of wrongful action occurred in the county to which the defendant was seeking to have the case transferred.