PER CURIAM.
Southeast Alabama Timber Harvesting, LLC (“Southeast”), and Michael J. Smith petition this Court for a writ of mandamus directing the Chambers Circuit Court to vacate its order denying their motion to transfer the underlying action to Lee County on the ground of forum non conve-niens and to enter an order granting their motion. We grant the petition and issue the writ.

I. Facts and Procedural History

On February 22, 2011, a vehicle being driven by Patricia Gail Webster on Mar-vyn Parkway in Lee County allegedly collided with timber that had come loose from a tractor-trailer rig owned by Southeast and being driven by its employee, Smith, causing Webster serious injuries. Police officers who work in Lee County responded to the scene of the accident. After the accident, Webster was treated at East Alabama Medical Center in Lee County.
On April 18, 2011, Webster sued Southeast and Smith alleging negligent and/or wanton loading and/or securing load; negligent entrustment; negligent, reckless, and/or wanton violations of the rules of the road; negligent training, hiring, and supervision; and wanton and reckless conduct. Webster filed her action in the Chambers Circuit Court in reliance upon the venue provision of § 6-3-7(a)(2), Ala. Code 1975, providing that a county in which a corporation maintains its principal office in this state is a proper venue for an action against that corporation. Southeast’s principal office is located in Chambers County.[1]
*373 On May 19, 2011, Southeast and Smith filed answers to the complaint in which they asserted improper venue and the doctrine of forum non conveniens as defenses. On July 12, 2011, Southeast and Smith filed a motion for a change of venue in which they contended, based on § 6-3-21.1, Ala.Code 1975, that the case should be transferred to Lee County in the interest of justice and for the convenience of the parties and witnesses. Southeast and Smith filed exhibits in support of their motion, including an affidavit of David Lol-lis, the only known nonparty eyewitness to the accident, who averred that he lives and works in Lee County and that traveling to Chambers County for the trial would be “a significant burden” to him.
On October 18, 2011, Webster filed an opposition to Southeast and Smith’s motion for a change of venue.
On November 10, 2011, following a hearing, the circuit court entered an order denying the motion for a change of venue. Southeast and Smith timely filed a petition for a writ of mandamus seeking a review of the circuit court’s order.

II. Standard of Review

“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for -the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).

III. Analysis

Section 6-3-21.1 provides when an action must be transferred to another venue under the doctrine of forum non conve-niens:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
§ 6-3-21.1(a), Ala.Code 1975 (emphasis added). “A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.” Ex parte National Sec. Ins. Co., 727 So.2d at 789.
Southeast and Smith contend that both the interest of justice and the convenience of the parties and witnesses dictate the transfer of this case from Chambers County to Lee County. Because Southeast and Smith have demonstrated that the interest of justice requires a transfer of this case, we do not address the convenience of the parties and witnesses.
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the ac *374 tion from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-8-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth, 982 So.2d 484, 490 (Ala.2007). The petitioners in this case are thus required to demonstrate ‘ “that having the case heard in [Lee] County would more serve the interest of justice” ’ than having the case heard in [Chambers] County. Ex parte First Tennessee Bank, 994 So.2d at 909 (quoting Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006)).”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008).
Southeast and Smith emphasize that the only connection this case has to Chambers County is the fact that Southeast’s principal place of business is located in Chambers County. They cite several automobile-accident cases with procedural facts similar to those in this case in which this Court mandated that the ease should be transferred to the county in which the accident occurred.
For example, in Indiana Mills, Marcy Johnson, the widow of an employee of Sunflower Waste, LLC, sued Sunflower and some of its employees following an accident that caused her husband’s death. Johnson filed the action in Macon County, where one of the defendants resided and where Sunflower did business. Based on the doctrine of forum non conveniens, the defendants filed a motion for a change of venue to Lee County, the situs of the accident. The Macon Circuit Court denied the motion to transfer the ease, and the defendants filed a petition for a writ of mandamus in this Court. In granting the defendants’ petition, this Court explained:
“We agree that this case certainly has a connection with Macon County — as Marcy notes, Connerf, an individual defendant,] resides there and Sunflower conducts business there. Additionally, it is true that none of the parties in this case actually resides in Lee County. However, we nevertheless hold that the overall connection between Macon County and this case is weak and that the connection between the case and Lee County is strong.
“First and foremost, the accident occurred in Lee County. Lee County police and emergency personnel — the Ope-lika Police Department and the Opelika Fire Department — responded to the scene and investigated the accident. Additionally, Gene Manning, the chief deputy coroner of Lee County, investigated James’s death. He testified in an affidavit that all the work he performed in connection with the investigation took place in Lee County. Additionally Danny Cotney, the assistant fire chief of the Opelika Fire Department, testified that the various records and documents generated by the department are located in Lee County.
“On the other hand, the ‘connection’ or ‘nexus’ with Macon County in this *375 case is weak. No party but Conner resides or is located there. Additionally, none of the relevant facts in this case , actually involve Macon County.”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d at 540-1 (footnote omitted).
Similarly, in Ex parte McKenzie Oil Co., 13 So.3d 346 (Ala.2008), Lee Franklin sued Gary Heathcock, the driver of a vehicle that struck the vehicle Franklin was driving, and McKenzie Oil Company, Inc., which operated a convenience store at which Heathcock had purchased alcoholic beverages before the accident. Franklin filed the action in Barbour County, where McKenzie’s corporate headquarters were located. Based on the doctrine of forum non conveniens, the defendants filed a motion for a change of venue to Escambia County, the situs of the accident. The Barbour Circuit Court denied the motion to transfer the case. The defendants then filed a petition for a writ of mandamus in this Court. In granting the defendants’ petition for a writ of mandamus, this Court observed:
“Franklin points out that McKenzie’s corporate headquarters is located in Barbour County; thus, Franklin claims that Barbour County and its citizens have an interest in McKenzie’s ‘well-being’ and a ‘significant interest in whether McKenzie’ has fulfilled its obligations as a vendor of alcoholic beverages.
“We agree that McKenzie has ‘a connection’ with Barbour County by virtue of the location of its corporate headquarters. However, we find this connection to Barbour County to be ‘little’ and the connection with Escambia County to be ‘strong.’ Ex parte National Sec. Ins. Co., [727 So.2d 788 (Ala.1998) ].
[[Image here]]
“... [W]e note that virtually none of the events or circumstances involved in this case occurred in or relate to Barbour County. Specifically, the accident giving rise to Franklin’s claims and the alleged tortious conduct by both Heath-cock and McKenzie took place in Escam-bia County. Law-enforcement personnel and medical personnel in Escambia County investigated the accident and treated Franklin’s injuries.... Heath-cock resides in Escambia County. For all that appears, all material events in this case, including the accident, occurred in Escambia County.
“Given this small nexus and little connection with the facts of this case to Barbour County and the strong connection with Escambia County, we hold that hearing the case in Escambia County ‘would more serve the interest of justice.’ Ex parte First Tennessee Bank [Nat’l Ass’n, 994 So.2d 906 (Ala.2008) ]. Therefore, McKenzie has demonstrated that the action is due to be transferred to Escambia County under Ala.Code 1975, § 6-3-21.1.”
Ex parte McKenzie Oil Co., 13 So.3d at 349-50.
Like the actions in Indiana Mills and McKenzie Oil, this action was filed in the county of a defendant’s residence or principal place of business — Chambers County — although the accident occurred in another county — Lee County. As this Court has observed: “Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.” Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573-74 (Ala.2011). Also, as in the cases discussed above, the emergency personnel who responded to the accident in which Webster was injured work in the county to which Southeast and Smith seek to have the action transferred. Further, the only non-party eyewitness to the accident lives and works in Lee County, and Webster was *376 living and working in Lee County at the time of the accident.
Webster has not even discussed, let alone attempted to distinguish, Indiana Mills, McKenzie Oil, or any of the other cases Southeast and Smith cited in support of transferring the ease, in the interest of justice, to Lee County.[2] Instead, Webster simply argues that the interest-of-justice prong of the forum non conveniens statute supports the filing of an action in the home county of a defendant. She cites two cases in support of this proposition — Ex parte Yocum, 963 So.2d 600 (Ala.2007), and Ex parte City of Haleyville, 827 So.2d 778 (Ala.2002), both of which are easily distinguishable.
In Yocum, the plaintiff, a resident of Dallas County, filed her action in Jefferson County, the residence or principal place of business of two of the defendants. Several defendants who resided in Dallas County filed a motion to transfer the action to Dallas County on the basis of the doctrine of forum non conveniens. The Jefferson Circuit Court denied the motion to transfer, and this Court denied the defendants’ subsequent petition for a writ of mandamus. Unlike this case, Yocum involved a contract dispute in which the claims against the Jefferson County defendants included fraud, suppression, conversion, and interference with business relations. This Court concluded that the Jefferson Circuit Court did not exceed its discretion in denying the motion to transfer “[b]e-cause of the nexus between Jefferson County and the alleged participation of the two Jefferson County defendants in the alleged scheme to overcharge Cahaba Timber so as to deflate its profits and hence the amount due [the plaintiff].” Ex parte Yocum, 963 So.2d at 603. Thus, this Court denied the petition for a writ of mandamus seeking a transfer of the case from Jefferson County not simply because two of the defendants resided or had a principal place of business in Jefferson County, but because Jefferson County had a substantial connection to the matters giving rise to the action.
Haleyville involved an action filed in Marion County by a plaintiff who fell at the Downtown Mall of Haleyville, which is located in Winston County. The defendant, the City of Haleyville, filed a motion for a change of venue to Winston County based on § 6-3-11, Ala.Code 1975, the statute that controls venue for civil actions filed against municipalities. Webster argues that in Haleyville “the trial court and this Court did not feel that the interest of justice required that the plaintiff must prosecute her case in the county where she fell rather than her chosen forum.” Webster’s brief, p. 10. In fact, this Court did not address the interest-of-justice factor in Haleyville because the defendant’s motion to transfer the case was not based upon the doctrine of forum non conveniens. The City of Haleyville contended that venue was improper in Marion County, not that Winston County was a more appropriate or more convenient forum. Therefore, Haleyville provides no support for Webster’s position.
This Court has held that the “interest of justice” requires transferring an action to a county with a strong connection to the case as opposed to keeping it in a county with an overall weak connection. Chambers County’s sole connection with the case — that it is the principal place of business of Southeast — is weak in comparison to Lee County’s connection with the case.

*377
TV. Conclusion

Based on the foregoing, we conclude that the circuit court exceeded its discretion in denying Southeast and Smith’s motion for a change of venue based on the doctrine of forum non conveniens. We therefore grant Southeast and Smith’s petition for the writ of mandamus and direct the circuit court, in the interest of justice, to enter an order transferring the case from the Chambers Circuit Court to the Lee Circuit Court.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., dissents.

. At the time of the accident, Webster resided and worked in Lee County. It is not clear from the record whether Webster continued to reside and to work in Lee County when the action was filed.

. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745 (Ala.2010); Ex parte Kane, 989 So.2d 509 (Ala.2008); Ex parte Bama Concrete, 8 So.3d 295 (Ala.2008); and Ex parte Fuller, 955 So.2d 414 (Ala.2006).