MAIN, Justice
(dissenting).
Lataya Fluker (“Fluker”), individually and on behalf of Ethan Fluker (“Ethan”) and Ian Fluker (“Ian”), is the plaintiff in an action pending in the Sumter Circuit Court against defendants Alfa Mutual Insurance Company and Geico Casualty Company[1] (collectively “the insurance companies”). Fluker petitioned this Court for a writ of mandamus directing the Sumter Circuit Court to vacate its order granting the insurance companies’ motions to transfer the action to the Tuscaloosa Circuit Court and to enter an order denying those motions. I would grant the petition and issue the writ; therefore, I respectfully dissent.
Fluker and her minor children Ethan and Ian are residents of Sumter County. Alfa is a domestic corporation that does business by agent in Sumter County. Gei-co is a foreign corporation that is licensed to do business in Alabama, but it does not do business by agent in Sumter County. According to Fluker, both insurance companies issued vehicular-liability insurance policies to her that contain uninsured-motorist provisions.
Fluker’s claims arise from injuries she and her children suffered in a vehicular accident that occurred on McFarland Boulevard in Tuscaloosa on May 2, 2012. Fluker was driving her vehicle; Ethan and Ian were passengers. Both policies of insurance were in effect at the time of the accident. The other motorist involved in the accident, Tommy Lee Cooper, is a resident of Tuscaloosa County. Cooper was uninsured and was issued a citation for failure to provide proof of insurance, to which he pleaded guilty. Cooper is not a party to the civil action that is the basis for this mandamus petition. At the time of the hearing on the insurance companies’ motions, he was incarcerated in Tuscaloosa County on unrelated charges. Fluker says that no other active criminal or civil eases are pending in the Tuscaloosa Circuit Court arising out of the underlying vehicular accident.
Fluker states that, immediately after the accident, she and her children returned to Sumter County, where they sought and obtained medical treatment. Fluker filed this case against the insurance companies and fictitiously named parties, alleging that she is entitled to recover benefits from them pursuant to the uninsured-motorist provisions in her policies. As previously stated, she did not sue Cooper. In her complaint, Fluker alleged:
“As a result of Mr. Cooper’s negligence and/or wantonness, Plaintiffs sustained permanent injuries and damages, including injuries to their necks, backs and knees as well as other physical and emotional injuries, pain and suffering and other consequential damages. Fur *464 thermore, Plaintiffs have incurred the cost of medical treatment for those injuries.”
She also alleged that both her Alfa insurance policy and her Geico insurance policy contained uninsured-motorist coverage pursuant to § 32-7-23, Ala.Code 1975, and that the vehicle driven by Cooper was not covered by an automobile-liability policy, making it an uninsured vehicle under § 32-7-23.
The insurance companies each filed a motion requesting the transfer of this action to the Tuscaloosa Circuit Court pursuant to the interest-of-justice prong of § 6-3-21.1, Ala.Code 1975, Alabama’s forum non conveniens statute (“the forum non conveniens statute”). Their motions were supported by a copy of the Alabama Uniform Traffic Crash Report regarding the accident; the affidavits of Keith D. Clements and J.O. Yates, Tuscaloosa police officers who investigated the accident; the affidavit of Clifford Terry Gregg, Jr., Cooper’s lawyer; and a certified copy of a case-summary sheet from the Tuscaloosa Municipal Court. Clements and Yates each testified that he investigated the accident in Tuscaloosa involving the vehicles operated by Fluker and Cooper. Each officer also stated: “It will be significantly more convenient for me to provide testimony in Tuscaloosa, Tuscaloosa County, Alabama than in Livingston, Sumter County, Alabama.” Gregg testified that he represented Cooper in a criminal action pending in the Tuscaloosa Circuit Court and that Cooper was then incarcerated in the Tuscaloosa County Jail. The case-summary sheet from the Tuscaloosa Municipal Court revealed that Cooper pleaded guilty to the charge of “no proof of insurance” and was fined, but that he did not pay the fine, resulting in a warrant being issued for his arrest. Fluker responded to the insurance companies’ motions to transfer. She supported her response with her affidavit and her husband’s affidavit. Fluker testified:
“Our family doctor is Dr. Walton at Sumter County Health Center. My children and I have been treated by Dr. Walton for injuries sustained in the car wreck that is the subject of this lawsuit. He treated us at Hill Hospital in York and also at his office. In addition, I have been treated at Rush Medical Group in Livingston, and I received physical therapy at Champion Sports Medicine in Livingston for those injuries.”
Fluker and her husband each testified that they purchased insurance policies that included uninsured-motorist provisions covering the vehicle involved in the accident, a 2010 Dodge Charger, from Audrey Graves, an agent of Alfa Insurance Company, whose York office is located in Sumter County.
Fluker also supported her response with the affidavit of Candice Keene, a physical therapist licensed in Alabama. Keene testified:
“Lataya Fluker is one of my patients. I have treated her for injuries related to a motor vehicle wreck that occurred on May 2, 2012. I saw Ms. Fluker at my office located in Sumter County, Alabama. If I am called to testify in Ms. Fluker’s case, I would prefer to have the case tried in Sumter County, because it would be convenient for me.”
On February 14, 2013, the trial court entered an order summarily granting the insurance companies’ motions to transfer the case to the Tuscaloosa Circuit Court. Fluker then filed her petition for a writ of mandamus with this Court; this Court ordered answer and briefs.
Fluker argues that the trial court exceeded its discretion in granting the insur- *465 anee companies’ motions to transfer because venue is proper in Sumter County and because a transfer of the case pursuant to the forum non conveniens statute is not warranted. The insurance companies argue that, under the circumstances of this case, the trial court properly transferred the case to Tuscaloosa County in the interest of justice. This Court’s decision in any venue case rests on the application of the Alabama statutory authorities that define proper venue and on the forum non conve-niens statute.

Section 6-3-2, Ala.Code 1975

Section 6-3-2 governs venue of actions against individual defendants. This section is not applicable in this case.

Section 6-3-7, Ala.Code 1975

Section 6-3-7 governs venue of actions against corporate defendants. Clearly, venue is proper in Sumter County pursuant to § 6-3-7(a)(3). Subsection (a)(3) states, in pertinent part:
“(a) All civil actions against corporations may be brought in any of the following counties:
[[Image here]]
“(3) In the county in which the plaintiff resided.... ”
Because Fluker resides in Sumter County, venue in Sumter County is proper.

Section 6-3-21.1, Ala.Code 1975

The forum non conveniens statute states, in pertinent part:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
This Court has held that the forum non conveniens statute “has a field of operation only where an action is commenced in a county in which venue is appropriate.” Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995). In Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 14 (Ala.2007), this Court stated:
“The doctrine of forum non conve-niens is applicable only ‘[w]ith respect to civil actions filed in an appropriate venue.’ § 6-3-21.1(a) (emphasis added). This statutory language is consistent with ‘the fundamental premise of all transfers for convenience — i.e., that venue is good at the time of filing, but that a transfer to a better venue is, or has become, appropriate.’ Ex parte Wilson, 854 So.2d [1106,] 1112 [ (Ala.2002) ] (emphasis added).”
Nevertheless, “[w]hen venue is appropriate in more than one county, the plaintiffs choice of venue is generally given great deference.” Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003) (citing Ex parte Bloodsaw, 648 So.2d 553, 555 (Ala.1994)). See also Ex parte Yocum, 963 So.2d 600, 602 (Ala.2007) (“The trial court should give deference to the plaintiffs choice of a proper forum.”).
Because the insurance companies have demonstrated that there is another venue where this action might have been properly filed, the question in this case becomes whether transferring the case to that venue is necessary “in the interest of justice” pursuant to the forum non conveniens statute. The issue whether a transfer in this case was necessary “for the convenience of parties and witnesses” is not before this Court because neither insurance company based its motion to transfer on the “convenience of parties and witnesses” prong of the forum non conveniens statute. Both motions were based solely on the “interest *466 of justice” prong. In their answers to Fiuker’s petition for a writ of mandamus, the insurance companies again argued only that the interest of justice requires that this case be transferred to Tuscaloosa County.
Fluker argues that the insurance companies have not met their burden to prove that the interest of justice dictates the transfer of this case to Tuscaloosa County. Therefore, she argues, she has a clear legal right to have her case tried in her chosen forum of Sumter County and, she asserts, the trial court exceeded its discretion when it granted the insurance companies’ motions to transfer the case to Tuscaloosa County.
The insurance companies argue that the trial court properly transferred the case to Tuscaloosa County based on the interest of justice. “ ‘A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.’ ” Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 373 (Ala.2012) (quoting Ex parte National See. Ins. Co., 727 So.2d 788, 789 (Ala.1998)). This Court has stated:
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008). This Court’s inquiry depends on the facts of the case. Ex parte ADT Sec. Servs., Inc., 933 So.2d 343 (Ala.2006).
The insurance companies maintain that Sumter County has a weak connection to this case and that Tuscaloosa County has a much stronger connection. They first argue that litigation should take place in the forum in which the injury occurred, citing Southeast Alabama Timber, 94 So.3d at 374 (“ ‘ “litigation should be handled in the forum where the injury occurred” ’ ”) (quoting Ex parte Indiana Mills, 10 So.3d at 540, quoting in turn Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006)); Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745 (Ala.2010) (same); and Ex parte McKenzie Oil Co., 13 So.3d 346 (Ala.2008) (same). The insurance companies contend that these cases stand for the proposition that, in making a venue decision, a court should assign “considerable weight” to the county in which an injury occurred. See Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573-74 (Ala.2011) (“Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.”).
*467 The insurance companies next argue that other factors also support the trial court’s decision to grant their motions to transfer, citing McKenzie Oil, 13 So.3d at 349 (county where all material events in case took place — including accident, alleged tortious conduct of defendants, investigation of accident, treatment of plaintiffs injuries, and punishment of traffic violation arising from accident — had strong connection to case; interest of justice required transfer from county in which virtually no events or circumstances involved in case occurred); and Ex parte Kane, 989 So.2d 509, 511-12 (Ala.2008) (although plaintiff brought personal-injury action in county of her residence and insurance company did business there, interest of justice required transfer to county in which accident occurred, individual defendant resided, occupants of other vehicle involved in accident resided, two eyewitnesses to accident resided, investigating officers resided and worked, and occupants of other vehicle had brought related action). The following factors support a nexus between this case and Tuscaloosa County:
(1) the accident occurred there;
(2) the accident was investigated there;
(3) the investigating officers reside there;
(4) Cooper resides there;
(5) both insurance companies do business there;
(6) the jurisdiction of the courts in Tuscaloosa County was invoked when Cooper was cited for failure to pay his fine for not having liability insurance.
These factors, the insurance companies argue, are significant because they create a strong nexus with Tuscaloosa County, compared to a weaker nexus with Sumter County, and offset the initial deference accorded Fluker’s choice of forum.
The cases relied on by the insurance companies are distinguishable from this case. In all the cases cited by the insurance companies, the plaintiff sued an individual defendant in addition to a corporation or business, while in this case the plaintiff sued two corporations. In only one of the foregoing cases, Ex parte Kane, did the plaintiff file her action in the forum in which she resided. In all the other cases, the plaintiff filed the action in a forum with only a tenuous connection to the case. Because Fluker filed her action in the forum in which she resides, that forum has a much stronger connection to this case than the forums chosen by the plaintiffs in the cases relied on by the insurance companies, especially when the other connections to Sumter County are considered.
Fluker contends that, in the cases cited by the insurance companies, this Court considered many factors, not merely the location in which the accident occurred. She argues that other factors support the connection between her chosen forum and this action. The following factors support a nexus between this case and Sumter County:
(1) Fluker and her husband reside there;
(2) Fluker and her children received medical treatment there for the injuries they sustained in the accident;
(3) the medical providers reside and/or practice there;
(4) the applicable medical records are maintained there;
(5) Alfa maintains an office with an agent there for the purpose of selling insurance;
(6) Fluker and her husband bought the insurance policies there;
(7) the insured vehicle is kept there.
*468 These factors, Fluker maintains, are sufficient to prove that Sumter County has a much stronger nexus to her action than does Tuscaloosa County. Fluker relies on Ex parte American Resources Insurance Co., 58 So.3d 118 (Ala.2010), in which, she says, this Court clearly recognized that a plaintiffs choice of forum should be afforded deference in deciding whether to transfer a case under the forum non conveniens statute, and in which this Court held that a plaintiffs residence in the chosen forum was sufficient to prove that the connection with the forum was strong enough to justify burdening that forum with the action.
The insurance companies argue that where the insurance policies were issued or sold is irrelevant to this case, citing American Resources, 58 So.3d at 122-23 (transfer of action brought by insurance company to county where insured had principal place of business and where policy had been negotiated, issued, and delivered not proper when case did not involve whether policy was issued or whether fraud or other wrongful conduct occurred as to issuance of policy; when only issue was whether the events alleged in complaint fell within coverage of the policy, insurance company’s choice of forum had strong connection to action); and Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111 (Ala.2004) (in action to recover uninsured/underinsured benefits from insurance company following vehicular accident, wrongful act underlying action occurred where accident took place, not where insurance policy was purchased). The insurance companies insist that the location of the accident and Cooper’s wrongful conduct are more relevant to a forum non conveniens inquiry than where the policy was sold, where Alfa has an office, or where the Flukers’ vehicles are garaged. The insurance companies also argue that where Fluker and her children received medical treatment is not a significant factor to this forum non conveniens inquiry.
Although the insurance companies are correct that disputes should ordinarily be litigated in the forum in which the injury occurred and that a court should assign considerable weight to the county in which an injury occurred, Fluker is also correct that a plaintiffs choice of a forum is generally accorded great deference. I do not agree with the insurance companies’ contention that Sumter County has a weak connection to this ease. In addition to being Fluker’s county of residence, all the medical providers who treated Fluker, Ethan, and Ian are in Sumter County, and it is clear from Fluker’s complaint that the nature of their injuries, the treatment for those injuries, and the cost of the treatment will be major factors in this litigation. Even though the vehicular accident involving Fluker and Cooper occurred in Tuscaloosa County, the investigating officers work there, and Cooper either resides or is incarcerated there, in my opinion the insurance companies have not met their burden to prove that the interest of justice requires a transfer of this case to Tuscaloosa County. There is no question in my mind that Sumter County has the stronger connection to this case and Tuscaloosa County has the weaker connection. I would hold that the trial court exceeded its discretion when it granted the insurance companies’ motions to transfer this case to Tuscaloosa County.
Because Fluker chose to file her complaint in Sumter County, where venue was proper, and because the insurance companies have not satisfied the interest-of-justice prong of the forum non conveniens statute, I would hold that Fluker has demonstrated that she has a clear legal right to the relief she seeks. Therefore, I would grant Fluker’s petition for a writ of mandamus and direct the Sumter Circuit *469 Court to vacate its order granting the insurance companies’ motions to transfer the case to the Tuscaloosa Circuit Court and to enter an order denying those motions.

. In the materials before us, this entity is variously referred to as Geico Casualty Company, Geico Indemnity Company, and Geico Indemnity Insurance Company.