MAIN, Justice.
J & W Enterprises, LLC (“J & W”), and Ezell Coates are defendants in an action pending in the Clarke Circuit Court brought by the plaintiff, Angel Luis Cruz. J <& W and Coates petition this Court for a writ of mandamus directing the Clarke Circuit Court to transfer the action to the Mobile Circuit Court. We deny the petition.
I. Facts and Procedural History
This action arises from a truck accident that occurred on October 4, 2011, on Interstate 10 in Mobile County. At the time of the accident, Coates was driving a tractor-trailer rig owned by J & W, his employer. According to the complaint, Coates negligently and/or wantonly operated the tractor-trailer rig, causing it to collide with a tractor-trailer rig being operated by Cruz. Cruz claims injury as a result of the accident, but he did not seek any medical treatment in Mobile County as a result of the accident.
The accident was investigated by the Mobile Police Department. Cruz is a resident of Brownsville, Texas; Coates is a resident of Clarke County, Alabama. J & W’s principal place of business is located in Clarke County, Alabama. Other than Cruz and Coates, there are no known eyewitnesses to the accident.
On July 28, 2012, Cruz sued J & W and Coates in the Clarke Circuit Court. Count I alleged a claim of negligence and wantonness based on Coates’s operation of the tractor-trailer rig; count II asserted a claim against J & W alleging negligent and/or wanton entrustment of the tractor-trailer rig to Coates; and count III asserted that J & W had negligently and/or wantonly hired, retained, or trained Coates.
On August 23, 2012, J & W and Coates moved to transfer, the case from Clarke County to Mobile County. In support of their motion, J & W and Coates argued that, under § 6-3-21.1, Ala.Code 1975, Alabama’s forum non conveniens statute, the case was due to be transferred “for the convenience of parties and witnesses” and “in the interest of justice.” Cruz filed an opposition to the motion for a change of venue and submitted an affidavit of the investigating police officer, who was employed by the Mobile Police Department and who testified that it was not inconvenient for him to travel to Clarke County to testify in the case. Cruz also submitted an affidavit stating that because Cruz’s lawyer was located in Clarke County, venue in Clarke County was more convenient for him. Cruz also noted that 'both Coates and J & W are located in Clarke, County and thus could not claim inconvenience as to Clarke County as a forum. Finally, Cruz argued that, because J & W’s place of business is located in Clarke County, the actions giving rise to its alleged negligent and/or wanton entrustment, hiring, retention, and training likewise occurred in Clarke County and, therefore, that the “interest of justice” prong of the forum non conveniens statute compelled that the case remain in Clarke County.
On August 13, 2013, following a hearing, the trial court entered an order denying Coates and J & W’s motion to transfer the case. Coates and J & W timely filed a petition for a writ of mandamus seeking review of the trial court’s order.
*193 II. Standard of Review
We have held that “ ‘[t]he proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ ” Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 373 (Ala.2012) (quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998)). Nevertheless, the standard for obtaining mandamus review before this Court is a high one:
“ ‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).’ ”
Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). Moreover, “[w]e apply the abuse-of-discretion standard when considering a mandamus petition challenging a venue ruling, and we will not issue the writ unless the trial court exercised its discretion in an arbitrary and capricious manner.” Ex parte Brookwood Health Seros., Inc., 781 So.2d 954, 956-57 (Ala.2000). “ ‘Our review is ... limited to those facts that were before the trial court.’” Ex parte Jim Burke Auto., Inc., 776 So.2d 118, 120 (Ala.2000) (quoting Ex parte National Sec. Ins. Co., 727 So.2d at 789).
III. Analysis
Coates and J & W argue that the trial court erred in failing to grant their motion to transfer this case to the Mobile Circuit Court. There is no dispute that Clarke County is a proper venue for this case. Coates is a resident of Clarke County, see § 6-3-2(3), Ala.Code 1975 (“In proceedings of a legal nature against individuals ... [a]ll ... personal actions [other than actions for the recovery of land or on contracts], if the defendant ... has within the state a permanent residence, may be commenced in the county of such residence .... ”), and J & W’s principal office is located in Clarke County, see § 6-3-7(a)(2), Ala.Code 1975 (“All civil actions against corporations may be brought ... [i]n the county of the corporation’s principal office in this state....”). Nevertheless, Alabama’s forum non conveniens statute permits the transfer of a civil action from one appropriate venue to another appropriate venue “for the convenience of parties and witnesses, or in the interest of justice.” § 6-3-21.1. The forum non conve-niens statute provides, in pertinent part:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
§ 6-3-21.1(a), Ala.Code 1975. “ A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.’ ” Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d at 373 (quoting Ex *194 parte National Sec. Ins. Co., 727 So.2d at 789).
Coates and J & W argue that the “interest of justice” prong of § 6-3-21.1 compels a transfer of this action to the Mobile Circuit Court.[1] We agree that this action might properly have been filed in Mobile County, the county in which the accident occurred. Nevertheless, “[w]hen venue is appropriate in more than one county, the plaintiffs choice of venue is generally given great deference.” Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003) (citing Ex parte Blood-saw, 648 So.2d 553, 555 (Ala.1994)). See also Ex parte Yocum, 963 So.2d 600, 602 (Ala.2007) (“The trial court should give deference to the plaintiffs choice of a proper forum”). Thus, we must now determine whether “the interest of justice” overrides the deference due the plaintiffs choice of forum. Our inquiry depends on the facts of the case. Ex parte ADT Sec. Servs., Inc., 933 So.2d 343 (Ala.2006).
With regard to the “interest of justice” prong of the forum non conveniens statute, this Court has stated:
' “The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008) (emphasis added).
Coates and J & W contend that Mobile County has a strong connection to this case, particularly because it is the forum in which the injury occurred. Indeed, we have stated that, “[a]lthough it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.” Ex parte Wacho-via Bank, N.A., 77 So.3d 570, 573-74 (Ala. 2011). Coates and J & W rely on three recent cases in which this Court held that the “interest of justice” compelled a change of venue.
In Ex parte Southeast Alabama Timber Harvesting, LLC, supra, the plaintiffs vehicle collided with timber that had fallen from a tractor-trailer rig owned and operated by a timber-harvesting company. The accident occurred in Lee County. The plaintiff suffered serious injuries and was treated in Lee County. Police officers and emergency personnel from Lee County responded to the accident. The only *195 known eyewitness to the accident lived and worked in Lee County. The plaintiff sued the timber-harvesting company and an employee of the company in Chambers County, the county in which the timber-harvesting company had its principal place of business. The timber-harvesting company and its employee moved to transfer the action to Lee County pursuant to the forum non conveniens statute. The Chambers Circuit Court denied the motion, and the timber-harvesting company and its employee petitioned this Court for a writ of mandamus. We held that Chambers County’s sole connection with the case— the timber-harvesting company’s principal place of business — was “weak in comparison to Lee County’s connection with the case.” 94 So.3d at 876. Thus, we concluded that, in the interest of justice, the case was due to be transferred to Lee County, and we issued the writ of mandamus directing that the case be transferred.
In Ex parte Indiana Mills & Manufacturing, Inc., supra, the widow of an employee of a waste-disposal company who was killed while driving a garbage truck sued three of her husband’s fellow employees and the manufacturer of the truck. The suit was filed in Macon County, where one of the defendants resided and where the waste-disposal company did business. The accident, however, occurred in Lee County. The defendants filed a motion to transfer the case to Lee County based on the doctrine of forum non conveniens. The Macon Circuit Court denied the motion, and the defendants filed a petition for a writ of mandamus in this Court. In granting the petition, we explained:
“We agree that this case certainly has a connection with Macon County— ... Conner[, an individual defendant,] resides there and [the waste-disposal company] conducts business there. Additionally, it is true that none of the parties in this case actually resides in Lee County. However, we nevertheless hold that the overall connection between Macon County and this case is weak and that the connection between the case and Lee County is strong.
“First and foremost, the accident occurred in Lee County. Lee County police and emergency personnel — the Ope-lika Police Department and the Opelika Fire Department — responded to the scene and investigated the accident. Additionally, Gene Manning, the chief deputy coroner of Lee County, investigated James’s death. He testified in an affidavit that all the work he performed in connection with the investigation took place in Lee County. Additionally Danny Cotney, the assistant fire chief of the Opelika Fire Department, testified that the various records and documents generated by the department are located in Lee County.
“On the other hand, the ‘connection’ or .‘nexus’ with Macon County in this case is weak. No party but Conner resides or is located there. Additionally, none of the relevant facts in this case actually involve Macon County.”
10 So.3d at 540-41 (footnote omitted).
Finally, Coates and J & W cite Ex parte McKenzie Oil Co., 13 So.3d 346 (Ala.2008). In McKenzie, a driver injured in an automobile accident sued the other driver involved in the accident, as well as the corporation that operated the convenience store that had sold that driver alcoholic beverages several hours before the accident. The action was filed in Barbour County, where the corporation’s headquarters were located. The defendants moved, based on the doctrine of forum non conveniens, to transfer the case to Escambia County, where the accident occurred and where the driver had purchased the alcoholic beverages. The Barbour Circuit Court denied *196 the motion, and the defendants filed a petition for a writ of mandamus. In granting the petition for a writ of mandamus, we held:
“We agree that McKenzie has ‘a connection’ with Barbour County by virtue of the location of its corporate headquarters. However, we find this connection to Barbour County to be ‘little’ and the connection with Escambia County to be ‘strong.’ ...
“... [W]e note that virtually none of the events or circumstances involved in this case occurred in or relate to Barbour County. Specifically, the accident giving rise to Franklin’s claims and the alleged tortious conduct by both [the defendant driver] and [the defendant convenience-store operator] took place in Escambia County. Law-enforcement personnel and medical personnel in Es-cambia County investigated the accident and treated Franklin’s injuries.... [The defendant driver] resides in Escambia County. For all that appears, all material events in this case, including the accident, occurred in Escambia County.
“Given this small nexus and little connection with the facts of this case to Barbour County and the strong connection with Escambia County, we hold that hearing the case in Escambia County ‘would more serve the interest of justice.’ ...”
18 So.3d at 349-50.
In each of the three cases relied upon by Coates and J & W, this Court held that the case was due to be transferred “from a county with little, if any, connection to the action, to the county with a strong connection to the action.” Ex parte Indiana Mills, 10 So.3d at 540 (quoting Ex parte National Sec. Ins. Co., 727 So.2d at 790 (emphasis added)). Our forum non conveniens analysis has never involved a simple balancing test weighing each county’s connection to an action. Rather, to compel a change of venue under the “interest of justice” prong of § 6-3-21.1, the county to which the transfer is sought must have a “strong” nexus or connection to the lawsuit, while the county from which the transfer is sought must have a “weak” or “little” connection to the action. This inquiry necessarily depends on the facts of each case.
In the present case, the facts before this Court do not indicate that Mobile County has a particularly strong connection to this lawsuit. The accident occurred in Mobile County, and the Mobile Police Department prepared an accident report, but there the connections to Mobile County cease.[2] None of the parties lives in Mobile County. Cruz did not receive treatment for his injuries in Mobile County. Coates and • J & W have not identified any relevant documents that are located in Mobile County. No eyewitnesses are located in Mobile County, and the investigating police officer has testified that he is willing to travel to Clarke County. In light of the facts before us, Mobile County’s nexus to the action is purely fortuitous — the place on the interstate where the accident occurred. Although we assign “considerable weight” to the location where the accident occurred, it is not, and should not be, the sole consideration for *197 determining venue under the “interest of justice” prong of § 6-8-21.1.
Nor is Clarke County’s connection to the-action markedly weak. Both defendants are located in Clarke County. Coates is a resident of Clarke County; J & W’s place of business is located in Clarke County. Further, it stands to reason that documents relevant to Cruz’s claims, particularly his claims of negligent or wanton entrustment, hiring, retention, and training, are located at J & W’s place of business in Clarke County.
Given the specific facts of this case, we cannot say that Mobile County has a significantly stronger connection to this case than does Clarke County so that the interest of justice will be offended by trial in Clarke County. Accordingly, we cannot conclude that the trial court exceeded its discretion in refusing to transfer this action to Mobile County.
IV. Conclusion
Based on the foregoing, we conclude that the trial court did not exceed its discretion in denying Coates and J & W’s motion for a change of venue based on the “interest of justice” prong of § 6-3-21.1. Therefore, we deny Coates and J & W’s petition for the writ of mandamus.
PETITION DENIED.
MOORE, C.J., and STUART, BOLIN, PARKER, SHAW, WISE, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result.

. Coates and J & W do not argue in their petition for the writ of mandamus that this action is due to be transferred to Mobile County for the convenience of the parties and the witnesses. Thus, the question whether a transfer in this case is necessary “for the convenience of parties and witnesses” is not before this Court.

. Coates and J & W also note that during the accident Coates’s truck struck a barrier wall that was owned by a Mobile-based construction company and that, following the accident, Coates’s truck was towed by a Mobile-based towing company. The trial court, however, concluded that these facts were not relevant to this case. Coates and J & W have provided us with no argument as to how these facts have any relevant connection to Cruz’s lawsuit.