MAIN, Justice.
Shaundalyn Elliott petitions this Court for a writ of mandamus directing the Lowndes Circuit Court to vacate its order transferring this case to the Montgomery Circuit Court. We grant the petition and issue the writ.
I. Facts and Procedural History
On June 11, 2014, Elliott, a resident of Montgomery County, was injured in an automobile accident in the City of Hayneville in Lowndes County. On February 23, 2017, Elliott filed this lawsuit in the Lowndes Circuit Court against her automobile insurer, Allstate Insurance Company ("Allstate"), seeking uninsured-motorist benefits related to the accident. Elliot alleged that the accident was caused by a *884 "phantom driver," whose location is unknown.
On March 16, 2017, Allstate filed a motion to transfer the action from the Lowndes Circuit Court to the Montgomery Circuit Court. The motion stated:
"1. This is a breach of contract action wherein [Elliott] claims uninsured motorist insurance policy benefits against Allstate.
"2. [Elliott] is presently and was at the time of the motor vehicle accident in question a resident of Montgomery County, Alabama (see Complaint).
"3. Allstate is presently and was at the time of the incident in question a foreign corporation with [its] principal place of business in the State of Illinois.
"4. The Allstate insurance policy in question was entered into and issued to [Elliott] by Allstate in Montgomery County, Alabama....
"5. Upon information and belief, Allstate states that all medical treatment which [Elliott] claims is related to the accident in question occurred in Montgomery County, Alabama. Further, Allstate does business by agent in Montgomery County, Alabama.
"6. Additionally, pursuant to the provisions of § 6-3-21.1, [Ala. Code 1975,] this action is due to be transferred to the Circuit Court for Montgomery County, Alabama, for the convenience of the parties and witnesses and/or in the interest of justice. The only nexus to Lowndes County, Alabama, is that the accident in question occurred in Lowndes County, Alabama."
Attached to the motion was the affidavit of Suzanne Lowe, the insurance agent who issued the policy to Elliott. Lowe attested that the Allstate policy was issued to Elliott in Montgomery County.
Elliott filed a response to the motion for a change of venue. In her response, Elliott argued that because the accident and her injuries occurred in Lowndes County, Lowndes County, which has a strong connection to the action, is a proper venue under § 6-3-7, Ala. Code 1975. She noted that the accident was investigated by a City of Hayneville police officer. Citing prior precedent of this Court, Elliott argued that there was a strong nexus between the action and Lowndes County so that transferring the action to Montgomery County pursuant to § 6-3-21.1, Ala. Code 1975, would be improper. She further noted that Allstate had provided no evidence indicating that any party or witness would be inconvenienced by a trial in Lowndes County.
Following a brief hearing on the motion, the trial court, on June 23, 2017, granted Allstate's motion for a change of venue. Elliott then filed this petition.
II. Standard of Review
" 'The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court.
*885 Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).' "
Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 373 (Ala. 2012) (quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998) ).
III. Analysis
Elliott argues that the trial court erred in transferring this case to the Montgomery Circuit Court. As an initial matter, we note that, as the site of the underlying accident, it is undisputed that Lowndes County is a proper venue for this case. See § 6-3-7(a)(1), Ala. Code 1975 ("All civil actions against corporations may be brought ... [i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred ...."). We further recognize that venue would also be proper in Montgomery County. See § 6-3-7(a)(3), Ala. Code 1975 ("All civil actions against corporations may be brought ... [i]n the county in which the plaintiff resided ...."). Alabama's forum non conveniens statute permits the transfer of a civil action from one appropriate venue to another "for the convenience of parties and witnesses, or in the interest of justice." The statute provides, in pertinent part:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
§ 6-3-21.1(a), Ala. Code 1975. " 'A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.' " Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d at 373 (quoting Ex parte National Sec. Ins. Co., 727 So.2d at 789 ). Furthermore, " '[w]hen venue is appropriate in more than one county, the plaintiff's choice of venue is generally given great deference.' " Ex parte J & W Enters., LLC, 150 So.3d 190, 194 (Ala. 2014) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003) ).
As to the "convenience of the parties" prong of § 6-3-21.1, this Court has held that a trial court should not grant a motion for a change of venue unless the defendant's proffered forum is " ' " ' "significantly more convenient" than the forum in which the action is filed.' " ' " Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 909 (Ala. 2008) (quoting Ex parte Bloodsaw, 648 So.2d 553, 555 (Ala. 1994), quoting in turn Ex parte Johnson, 638 So.2d 772, 774 (Ala. 1994), quoting in turn Ex parte Townsend, 589 So.2d 711, 714 (Ala. 1991) ). Elliott argues that Allstate did not meet its burden of establishing that a change of venue is appropriate under the convenience-of-the-parties prong. In its brief before this Court, Allstate makes no argument concerning the convenience-of-the-parties prong of § 6-3-21.1 and concedes that the only issue is whether the case is due to be transferred "in the interest of justice." Thus, we agree with Elliott that the convenience-of-the-parties prong of the forum non conveniens statute does not support transfer of the case to Montgomery County.
Next, we turn to the interest-of-justice prong of § 6-3-21.1. This Court has stated:
"The 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.'
*886 Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala. 1998) ]. Therefore, 'in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). Additionally, this Court has held that 'litigation should be handled in the forum where the injury occurred.' Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider 'the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.' Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala. 2007)."
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008).
Elliott argues that because the accident that caused her injuries occurred in Lowndes County, Lowndes County has a strong connection to this case, so that the interest of justice should not override her choice of forum. Indeed, although we have cautioned that it is not a talisman, this Court has stated that where the injury occurred is "often assigned considerable weight in an interest-of-justice analysis." Ex parte Wachovia, 77 So.3d 570, 574 (Ala. 2011). Our recent cases bear out this principle. See, e.g., Ex parte Tier 1 Trucking, LLC, 222 So.3d 1107 (Ala. 2016) ; Ex parte Wayne Farms, LLC, 210 So.3d 586 (Ala. 2016) ; Ex parte Quality Carriers, Inc., 183 So.3d 937 (Ala. 2015) ; Ex parte Manning, 170 So.3d 638 (Ala. 2014) ; Ex parte Morton, 167 So.3d 295 (Ala. 2014) ; Ex parte State Farm Mut. Auto. Ins. Co., 149 So.3d 1082 (Ala. 2014) ; Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371 (Ala. 2012). Nevertheless, "the location where the accident occurred ... is not, and should not be, the sole consideration for determining venue under the 'interest of justice' prong of 6-3-21.1." J & W Enters., 150 So.3d at 196-97.
Allstate, on the other hand, argues that Montgomery County has a strong connection to the lawsuit because: (1) Elliott resides in Montgomery County; (2) Elliott was treated for her injuries in Montgomery County; (3) Allstate does business by agent in Montgomery County; and (4) the insurance policy made the basis of Elliott's claims against Allstate was issued in Montgomery County. Even accepting Allstate's contention that Montgomery County has a "strong" connection to this action, we note that Allstate must also demonstrate that Lowndes County has a "weak" or "little" connection to the action. As we have explained:
"Our forum non conveniens analysis has never involved a simple balancing test weighing each county's connection to an action. Rather, to compel a change of venue under the 'interest of justice' prong of § 6-3-21.1, the county to which the transfer is sought must have a 'strong' nexus or connection to the lawsuit, while the county from which the transfer is sought must have a 'weak' or 'little' connection to the action. This inquiry necessarily depends on the facts of each case."
J & W Enters., 150 So.3d at 196.
In contending that Lowndes County has "little" connection to this action, Allstate relies primarily on our decision in J & W Enterprises. In that case, the plaintiff was injured in an automobile accident in Mobile County. The plaintiff filed suit in Clarke County, where the defendants resided. The *887 defendants filed a motion to transfer the case to Mobile County. Upon denial of that motion, the defendants petitioned this Court for a writ of mandamus. In denying the petition, we reasoned:
"In the present case, the facts before this Court do not indicate that Mobile County has a particularly strong connection to this lawsuit. The accident occurred in Mobile County, and the Mobile Police Department prepared an accident report, but there the connections to Mobile County cease. None of the parties lives in Mobile County. Cruz did not receive treatment for his injuries in Mobile County. Coates and J & W have not identified any relevant documents that are located in Mobile County. No eyewitnesses are located in Mobile County, and the investigating police officer has testified that he is willing to travel to Clarke County. In light of the facts before us, Mobile County's nexus to the action is purely fortuitous-the place on the interstate where the accident occurred. Although we assign 'considerable weight' to the location where the accident occurred, it is not, and should not be, the sole consideration for determining venue under the 'interest of justice' prong of § 6-3-21.1.
"Nor is Clarke County's connection to the action markedly weak. Both defendants are located in Clarke County. Coates is a resident of Clarke County; J & W's place of business is located in Clarke County. Further, it stands to reason that documents relevant to Cruz's claims, particularly his claims of negligent or wanton entrustment, hiring, retention, and training, are located at J & W's place of business in Clarke County.
"Given the specific facts of this case, we cannot say that Mobile County has a significantly stronger connection to this case than does Clarke County so that the interest of justice will be offended by trial in Clarke County...."
150 So.3d at 196-97 (footnote omitted).
Allstate argues that, as was the case in J & W Enterprises, Lowndes County's connection to the lawsuit is "purely fortuitous"-it is merely the place were the accident occurred. Allstate thus argues that Lowndes County has a "little" connection to this action. We cannot agree.
This Court's decision in J & W Enterprises should not be read as undermining location-of-injury as the foremost factor in the interest-of-justice analysis. To the contrary, J & W Enterprises reaffirmed our assignment of " 'considerable weight' to the location where the accident occurred." 150 So.3d at 196. Instead, we merely recognized in J & W Enterprises that the location of the accident is not the sole factor to be considered in the interest-of-justice analysis and that there will be circumstances, as was the case in J & W Enterprises, where the interest of justice will not compel the case to be heard in the venue where the accident occurred.
In this case, both Lowndes County and Montgomery County have connections to this action. The accident, injuries, and police investigation occurred in Lowndes County. On the other hand, Elliott resides in Montgomery County, where she sought treatment for her injuries resulting from the accident and where the parties' contractual dealings arose. Under the specific facts of this case, Lowndes County's connection to the accident is not "little" or "weak," and Montgomery County does not have a significantly stronger connection to the case to justify a transfer of this case under the interest-of-justice prong of § 6-3-21.1. Therefore, we hold that the trial court erred in transferring this action to the Montgomery Circuit Court.
*888 IV. Conclusion
For the above reasons, we conclude that the trial court exceeded its discretion in transferring this case to the Montgomery Circuit Court. Accordingly, the trial court is directed to vacate its order transferring this action from the Lowndes Circuit Court to the Montgomery Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Wise, Bryan, and Sellers, JJ., concur.
Shaw, J., concurs in the result.
Murdock, J., dissents.
The plaintiff resides in Montgomery County. The defendant does business in Montgomery County. The contract between the plaintiff and the defendant was entered into in Montgomery County. The payment allegedly due by the defendant to the plaintiff was due to be paid to the plaintiff in Montgomery County. When that payment was not made to the plaintiff in Montgomery County, the resulting alleged breach of contract occurred in Montgomery County. If the defendant is liable to the plaintiff for breach of contract, the gravamen of that claim is not the automobile accident that occurred in Lowndes County-it is the defendant's failure to make good on a contractual obligation to pay plaintiff insurance proceeds in Montgomery County.
Notwithstanding the foregoing, the propriety of venue in Lowndes County under § 6-3-7(a), Ala. Code 1975, has not been contested to this Court. Elliot does argue, however, that, under the interest-of-justice prong of § 6-3-21.1, Ala. Code 1975, the case should be heard in Lowndes County. The majority of this Court agrees. I do not.
Even under the extant interest-of-justice jurisprudence of this Court, with which I have repeatedly disagreed, see, e.g., Ex parte Wachovia Bank, N.A., 77 So.3d 570, 576-78 (Ala. 2011) (Murdock, J., dissenting); and Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 751-52 (Ala. 2010) (Murdock, J., dissenting), this Court has held that "[t]he 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of the action from a county with little, if any, connection to the action, to the County with a strong connection to the action.' Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala. 1998) ]," Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008), and also that, as a general rule, "litigation should be handled in the forum where the injury occurred." Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). For the reasons stated in the first paragraph, I see no way to conclude that Montgomery County has little or no connection to this action or that it is not the county where the injury-the breach of contract-occurred.