Rel: June 27, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0834
_____

### Ex parte Nathan Nash

### PETITION FOR WRIT OF MANDAMUS

### (In re: Nathan Nash

### v.

### Joshua Hunter Jones and Davis Ice Cream Alabama, LLC)

### (Jefferson Circuit Court: CV-24-901910)

SHAW, Justice.

Nathan Nash, the plaintiff below, petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order transferring the action to the Tuscaloosa Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History

On April 8, 2024, Nash was involved in an automobile collision in Tuscaloosa County with a truck driven by Joshua Hunter Jones and owned by Jones's employer, Davis Ice Cream Alabama, LLC. Nash filed a complaint for damages, including lost wages, in Jefferson County against Jones individually, alleging negligence and wantonness, and against Davis Ice Cream, alleging negligent training and hiring. The complaint alleged that Davis Ice Cream was a limited-liability company whose principal place of business was in Jefferson County and that Nash and Jones reside in counties adjacent to Jefferson County -- Nash in Bibb County and Jones in St. Clair County.

In August 2024, Davis Ice Cream filed a motion for a change of venue under Alabama's forum non conveniens statute, § 6-3-21.1, Ala. Code 1975, requesting, in the interest of justice, that the action be

2

transferred to the Tuscaloosa Circuit Court based on the fact that the collision occurred there.  Nash filed an objection to the motion, stating that, after the collision, he was transported by ambulance to the University of Alabama at Birmingham ("UAB") emergency room in Jefferson County.  Nash also filed an affidavit stating that, following the collision, he received treatment from five medical-service providers, all of which are located in Jefferson County.  Nash's affidavit also stated that his employer at the time of the collision was located in Jefferson County.

The Jefferson Circuit Court entered an order transferring the action to the Tuscaloosa Circuit Court.  Nash filed a motion for reconsideration and then timely petitioned this Court for a writ of mandamus.  This Court ordered an answer and briefs.

## Standard of Review

"A writ of mandamus is an extraordinary remedy and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."

Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001).  "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e.,

whether it exercised its discretion in an arbitrary and capricious manner." Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

Discussion

Nash argues that the Jefferson Circuit Court exceeded its discretion in transferring the action to the Tuscaloosa Circuit Court under the interest-of-justice prong of § 6-3-21.1(a), which provides:

> "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."

(Emphasis added.)

It appears to be undisputed that Jefferson County and Tuscaloosa County are both proper venues for this action. See § 6-3-2(a)(3), Ala. Code 1975; § 6-3-7(a)(2), Ala. Code 1975. When analyzing the interest-of-justice prong of § 6-3-21.1(a),

> "'this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' '[T]he county to which the transfer is sought must have a "strong" nexus or connection to the lawsuit, while the county from which the transfer is sought must have a "weak" or "little" connection to the action.' Additionally, this Court has held that 'litigation should be handled in the forum where

4

the injury occurred.' 'Although we assign "considerable weight" to the location where the accident occurred, it is not, and should not be, the sole consideration for determining venue under the "interest of justice" prong of § 6-3-21.1.' Accordingly, in determining venue under § 6-3-21.1, this Court traditionally considers the residence of the parties and any interested or affected nonparties."

Ex parte Burgess, 298 So. 3d 1080, 1083 (Ala. 2020) (internal citations omitted). The determination whether to transfer a case under the interest-of-justice prong of § 6-3-21.1(a) is dependent on the facts of the case and is not merely "a simple balancing test weighing each county's connection to an action." Ex parte J & W Enters., LLC, 150 So. 3d 190, 196 (Ala. 2014).

Here, Davis Ice Cream moved to transfer the action and thus had the initial burden of demonstrating that having the action transferred to Tuscaloosa County would serve the interest of justice. Davis Ice Cream could carry that burden by showing not only that Tuscaloosa County has a strong connection to the action, but also that Jefferson County has a weak connection to the action. Burgess, 298 So. 3d at 1083.

As for Jefferson County's connection to the action, Davis Ice Cream's principal place of business is in Jefferson County. Additionally, Nash demonstrated that his relevant medical providers are located in

Jefferson County. Nash also asserted that his loss-of-wages claim would likely require documents or deposition testimony from his employer, which is located in Jefferson County. Furthermore, as Nash's objection to the motion to transfer the action pointed out: "Plaintiff has also asserted in [his] Complaint claims of negligent training, managing and hiring of employees, including the defendant Joshua Hunter Jones." The act of hiring Jones, Nash noted, "presumably occurred at the principal office of [Davis Ice Cream], located in Jefferson County."

Tuscaloosa County's only substantiated connection to the action is that the collision took place there. Ex parte Reed, 295 So. 3d 38, 41 (Ala. 2019) (quoting Ex parte National Sec. Ins. Co., 727 So. 2d 788, 789 (Ala. 1998)) ("'[This Court's] review [of a mandamus petition] is … limited to those facts that were before the trial court.'"). Davis Ice Cream stated in its motion to transfer the action that "the accident was investigated by Tuscaloosa law enforcement officers" and that, thus, "Tuscaloosa County witnesses and officials who may need to testify will benefit from the case being transferred to Tuscaloosa County." However, the "crash report" produced by Davis Ice Cream merely states the name of the investigating officer. Davis Ice Cream did not provide evidence showing where the

investigating officer resides, where his department is located, or where he would travel from to attend proceedings. Davis Ice Cream's motion to transfer the action did not identify or provide evidence of any other eyewitnesses in Tuscaloosa County. Moreover, Davis Ice Cream has not suggested, and has presented no evidence demonstrating, that any of the parties received medical treatment for their injuries in Tuscaloosa County and has not identified any relevant documents located in Tuscaloosa County.

The facts of this case are analogous to those in J & W Enterprises, in which this Court held that a change of venue was not warranted under the interest-of-justice prong of § 6-3-21.1(a). In J & W Enterprises, the plaintiff was injured in an automobile collision in Mobile County, but filed suit in Clarke County, where one of the defendants resided and where the defendant employer maintained its principal place of business. 150 So. 3d at 192. The defendants filed a motion for a change of venue to Mobile County, where the collision occurred, and that motion was denied. Id. The defendants then petitioned this Court for a writ of mandamus. Id. In denying the petition, this Court reasoned:

> "In the present case, the facts before this Court do not indicate that Mobile County has a particularly strong

7

connection to this lawsuit. <u>The accident occurred in Mobile County, and the Mobile Police Department prepared an accident report, but there the connections to Mobile County cease</u>. None of the parties lives in Mobile County. [The plaintiff] did not receive treatment for his injuries in Mobile County. [The defendants] have not identified any relevant documents that are located in Mobile County. No eyewitnesses are located in Mobile County, and the investigating police officer has testified that he is willing to travel to Clarke County. In light of the facts before us, Mobile County's nexus to the action is purely fortuitous -- the place on the interstate where the accident occurred."

<u>Id.</u> at 196 (footnote omitted).

The facts of this case are also analogous to those in <u>Burgess</u>, in which this Court held that a change of venue was not warranted under the interest-of-justice prong of § 6-3-21.1(a). There, the Court determined that the transferee county's "<u>sole</u> connection to this case is the fact that the accident occurred there. The defendants have not asserted additional facts to indicate that the overall connection between [the transferee county] and this case is strong." <u>Burgess</u>, 298 So. 3d at 1084. Additionally, in its venue analysis, the <u>Burgess</u> Court considered that the plaintiff had asserted a claim of negligent entrustment against another defendant in addition to his claim of negligence against the driver and stated: "[I]t stands to reason that documents relevant to Burgess's negligent-entrustment claim are located in [the original venue]." <u>Id.</u>

8

Here, too, the sole connection to Tuscaloosa County is that the collision occurred there. Additionally, one of the claims in this action involves negligent hiring. As in Burgess, it stands to reason that the negligent-hiring claim would involve documents or other evidence in Jefferson County, where Davis Ice Cream maintains its principal place of business and presumably does its hiring and keeps documents relevant to its hiring processes.

Ultimately, Davis Ice Cream failed to meet its burden of proving both that Tuscaloosa County has a strong connection to the action and that Jefferson County has a weak connection to the action. Thus, Davis Ice Cream failed to demonstrate that, in the interest of justice, a change of venue was warranted.

Conclusion

For the foregoing reasons, we conclude that the Jefferson Circuit Court exceeded its discretion in transferring this case to the Tuscaloosa Circuit Court. We thus grant the petition for a writ of mandamus and hereby direct the Jefferson Circuit Court to vacate its order transferring the action to the Tuscaloosa Circuit Court.

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Wise, Bryan, Sellers, Mendheim, Cook, McCool, and Lewis, JJ., concur.