Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

_____

### SC-2025-0301

_____

**Ex parte Phillip H. Rivers, Steven Nobles, Todd Martin, Stan Roberts, Laurie Dungan, Macy Matthews-Smith, and Dylan Kemper**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Phillip H. Rivers, Steven Nobles, Todd Martin, Stan Roberts, Laurie Dungan, Macy Matthews-Smith, and Dylan Kemper**

**v.**

**Warren Averett, LLC, and Warren Averett Companies, LLC)**

**(Mobile Circuit Court: CV-25-900226)**

LEWIS, Justice.

Phillip H. Rivers, Steven Nobles, Todd Martin, Stan Roberts, Laurie Dungan, Macy Matthews-Smith, and Dylan Kemper ("the plaintiffs") petition this Court for a writ of mandamus directing the Mobile Circuit Court to vacate its order transferring their declaratory-judgment action to the Madison Circuit Court. We grant the petition and issue the writ.

## Procedural History

On January 24, 2025, Rivers filed in the Mobile Circuit Court a complaint seeking a declaratory judgment against Warren Averett, LLC, and Warren Averett Companies, LLC ("the defendants"). Rivers alleged that "[v]enue is proper in [the Mobile Circuit] Court pursuant to Ala. Code [1975,] § 6-3-7[,] because a substantial part of the events or omissions giving rise to [Rivers's] claims occurred in Mobile County; the [d]efendants do business by agent in Mobile County; and the [d]efendants were doing business by agent at the time of the accrual of the causes of action set forth herein." On January 31, 2025, a first amended complaint seeking a declaratory judgment was filed; that amended complaint added Nobles, Martin, and Roberts as additional plaintiffs. A second amended

complaint seeking a declaratory judgment was filed on March 17, 2025, adding Dungan, Matthews-Smith, and Kemper as plaintiffs. The complaint, as amended, alleged, in part, that "Rivers worked out of [Warren Averett, LLC's] office located in Montgomery, Alabama from July 2012 through August 2015, and Rivers worked out of [Warren Averett, LLC's] Mobile, Alabama office from August 2015 through his termination with [Warren Averett, LLC]." Moreover, the second amended complaint alleged that Rivers signed an agreement containing noncompete clauses with Warren Averett, LLC, in 2018 and that, "[on] or about November 5, 2024, Rivers ceased to be employed by Warren Averett and later went to work as an accountant with BMSS, LLC at their location in Mobile, Alabama." The second amended complaint requested that the Mobile Circuit Court enter a judgment declaring the noncompete clauses to be invalid.

On March 18, 2024, the defendants filed a motion to change venue of the action to the Madison Circuit Court. The defendants argued that venue of this action is governed by § 6-3-2, Ala. Code 1975, and averred, in part:

"3. Warren Averett is headquartered in Birmingham and has multiple offices throughout Alabama with members residing in several of the state's counties. …

"4. However, no member of Warren Averett resides in Mobile County. …

"5. Warren Averett has an office in Madison County as well as several members who reside there."

The defendants also submitted affidavits in support of their motion. The plaintiffs filed a response in opposition to the motion to change venue, and the defendants filed a reply in support of their motion. On April 18, 2025, the Mobile Circuit Court entered an order granting the motion to change venue to the Madison Circuit Court.

Standard of Review

"'A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue.' Ex parte Children's Hosp. of Alabama, 931 So. 2d 1, 5 (Ala. 2005) (citing Ex parte Sawyer, 892 So. 2d 898, 901 (Ala. 2004)). It is well settled that

"'"'[a] writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."'"'

4

"Ex parte Premier Plastic Surgery, P.C., 372 So. 3d 195, 197 (Ala. 2022) (quoting Ex parte Blue Cross & Blue Shield of Alabama, 321 So. 3d 682, 683 (Ala. 2020))."

Ex parte Scarborough, [Ms. SC-2024-0572, Mar. 28, 2025] ___ So. 3d ___, ___ (Ala. 2025).

Discussion

In their petition, the plaintiffs argue, as they asserted in their complaint, as amended, that venue is proper in Mobile County pursuant to § 6-3-7, Ala. Code 1975. In their answer, the defendants assert that the applicable venue statute is § 6-3-2, Ala. Code 1975, and that venue is proper in Madison County. We first address which venue statute is applicable to this case.

In Ex parte Honda Development & Manufacturing of Alabama, LLC, 383 So. 3d 394, 397 n.1 (Ala. Civ. App. 2023), the Court of Civil Appeals examined this Court's decisions on which venue statute is applicable to an action against a limited-liability company ("LLC") as follows:

"In Ex parte Alabama Power Co., [369 So. 3d 662 (Ala. 2022),] which involved an action against a sanitary service company, a limited-liability company, our supreme court[, in a per curiam opinion in which eight Justices concurred in the result,] applied § 6-3-2, Ala. Code 1975, [the venue provision applicable to individuals,] relying on the authorities cited by

5

Chief Justice Moore in Ex parte WMS, LLC, [170 So. 3d 645 (Ala. 2014)]. However, the statutory basis for the Ex parte WMS, LLC, line of cases treating limited-liability companies as partnerships for venue purposes has been undermined by the repeal and replacement of the corporate-law provisions that underlay the authorities cited in Ex parte WMS, LLC. See § 10A-5A-1.04(a), Ala. Code 1975 (stating that a limited-liability company 'is a separate legal entity' irrespective of tax status).

"In Ex parte Alabama Power Co., supra, Justice Mitchell, in an opinion concurring with the result, state[d] that a suit against a limited-liability company is not a suit against its individual members either in form or in substance. Thus, members of a limited-liability company are not jointly and severally liable for obligations of the entity. See § 10A-5A-3.01, Ala. Code 1975. The notion that the proper venue for an action against limited-liability companies is governed by § 6-3-2, Ala. Code 1975, is implausible. 'Allowing [a limited-liability company] to be sued anywhere one of its members resides is a recipe for inconvenience. [A limited-liability company] may easily have members who live far from where it does business or from any other logical venue for a suit against the entity.' Ex parte Alabama Power Co., 369 So. 3d at 670 n.5.

"… Our supreme court has indicated in a more recent case [than Ex parte WMS, LLC,] that § 6-3-7, Ala. Code 1975, applies to limited-liability companies. See Ex parte Road Gear Truck Equip., LLC, 300 So. 3d 1101 (Ala. 2019) (holding that § 6-3-7, Ala. Code 1975, the statute governing venue for corporations, applies when determining proper venue in cases involving limited-liability companies[)]. Because Ex parte WMS, LLC[,] conflicts with Ex parte Road Gear, this court is required to follow the later Ex parte Road Gear line of cases: 'This court is bound by the decisions of our supreme court, and, in case of any doubt as to which decision to follow, the latest pronouncement control[s].' Ex parte Ocean Reef Devs.

6

II, LLC, 84 So. 3d 900, 905 (Ala. Civ. App. 2011); see also Gilbreath v. Eastwood Foods, Inc., 575 So. 2d 87, 88 (Ala. Civ. App. 1990), aff'd, 575 So. 2d 91 (Ala. 1991)."

Justice Mitchell's special writing in Ex parte Alabama Power Co., 369 So. 3d 662 (Ala. 2022), reasoned, in pertinent part:

"None of Alabama's venue statutes explicitly address LLCs. The three general venue statutes that might apply are those governing actions against 'individuals,' § 6-3-2; against 'unincorporated organization[s] or association[s],' § 6-3-6, Ala. Code 1975; and against 'corporations,' § 6-3-7. The Legislature has not expressly defined 'individual,' 'unincorporated organization or association,' or 'corporation' for venue purposes. Thus, in interpreting the venue statutes, we should presumptively give each term its ordinary legal meaning at the time the relevant statute was adopted. See Ex parte Tutt Real Estate, LLC, 334 So. 3d 1249, 1253-55 & n.6 (Ala. 2021) (Mitchell, J., concurring specially).

"Of the three options, the individual venue statute appears the least likely to cover LLCs. An LLC plainly is not an individual; rather, it 'is a separate legal entity' that can sue, be sued, and have private-law rights in its own name. § 10A-5A-1.04(a), Ala. Code 1975. Further, as the label 'limited-liability company' reflects, the members of an LLC (unlike general partners) are not jointly and severally liable for the obligations of the entity. See § 10A-5A-3.01, Ala. Code 1975. A suit against an LLC, then, is not a suit against its individual members either in form or in substance, making the notion that § 6-3-2 should govern the suit implausible. The case against § 6-3-2 is further bolstered by the structural observation that, together, §§ 6-3-6 and 6-3-7 appear designed to cover the whole universe of private business entities. Either such an entity is a corporation, in which case § 6-3-7 applies,

or it's an unincorporated organization or association, in which case § 6-3-6 applies.

"As between those options, it may be tempting at first to think an LLC is an unincorporated organization or association, not a corporation. After all, it doesn't have 'Inc.' at the end of its name. To the modern-day practicing lawyer, the terms 'LLC' and 'corporation' refer to separate sorts of formalized business entities that are governed by separate (though often similar) sets of legal rules.

"But it's critical 'to give words in statutes the meaning they had when they were adopted.' Tutt Real Estate, 334 So. 3d at 1253 (Mitchell, J., concurring specially). And, as it turns out, the basic division of our general venue statutes goes way back. The 1896 Code included general venue statutes for actions against individual defendants, see §§ 4205 and 4206, Ala. Code 1896, and for actions against '[a] foreign or domestic corporation,' § 4207, Ala. Code 1896. The 1907 Code kept the same basic scheme. See §§ 6110 through 6112, Ala. Code 1907. The 1923 Code did too, see §§ 10467, 10470, and 10471, Ala. Code 1923 -- with the exception of a new section, codified outside the venue chapter, providing that a suit against an unincorporated organization or association 'may be maintained in any county where [it] does business or has in existence a branch or local organization,' § 5726, Ala. Code 1923. The 1940 Code moved this provision to be near the individual and corporate venue statutes, producing the immediate ancestors of today's §§ 6-3-2, 6-3-6, and 6-3-7. See §§ 54, 57, and 60, Ala. Code 1940.

"Apart from their inclusion in the 1975 Code, the unincorporated-organization venue statute has undergone no change since 1940 and the corporate venue statute has been amended only once, in 1999. That amendment changed the substantive venue provisions applicable to corporations, but there is no reason to think it affected which entities count as

8

corporations for venue purposes. <u>See</u> Act No. 1999-249, Ala. Acts 1999.

"The upshot of this history is that the meaning of 'corporation' in § 6-3-7 -- and, in particular, the conceptual dividing line between a 'corporation' and an 'unincorporated organization or association' -- must be determined by looking to an earlier period of legal usage. For most of our venue statutes' history, the primary definition of 'corporation' in successive editions of <u>Black's Law Dictionary</u> was as follows:

> "'An artificial person or legal entity created by or under the authority of the laws of a state or nation, composed, in some rare instances, of a single person and his successors, being the incumbents of a particular office, but ordinarily consisting of an association of numerous individuals. Such entity subsists as a body politic under a special denomination, which is regarded in law as having a personality and existence distinct from that of its several members, and which is, by the same authority, vested with the capacity of continuous succession, irrespective of changes in its membership, either in perpetuity or for a limited term of years, and of acting as a unit or single individual in matters relating to the common purpose of the association, within the scope of the powers and authorities conferred upon such bodies by law.'

"<u>Black's Law Dictionary</u> 307 (5th ed. 1979); <u>Black's Law Dictionary</u> 409 (4th rev. ed. 1968); <u>Black's Law Dictionary</u> 438 (3d ed. 1933); Henry Campbell Black, <u>A Law Dictionary</u> 273 (2d ed. 1910); <u>see also</u> Henry Campbell Black, <u>A Dictionary of Law</u> 278-79 (1st ed. 1891) (providing similar definitions).

"To cut to the essence, the word 'corporation' traditionally encompassed <u>any</u> artificial separate legal

personality, capable of continuous existence, that is created and invested with its powers by positive law. If our corporate venue statute carries forward that traditional definition -- and it almost certainly does -- then it seems clear that LLCs should count. Like a 'standard' modern corporation (that is, the 'Inc.' kind), an LLC is a separate legal entity that is created by filing a formal document with the government and whose existence and powers are granted by positive law. See §§ 10A-5A-1.04 and -2.01, Ala. Code 1975. Likewise, an LLC's capacity for continuous existence is not significantly different from that of a 'standard' business corporation. Although an LLC does have certain partnership-like qualities -- which can be summarized as 'informality of organization and operation, internal governance by contract, direct participation by members in the company, and no taxation at the entity level,' 54 C.J.S. Limited Liability Companies § 3 (2020) -- I don't see why any of these attributes should disqualify LLCs as 'corporations' under the traditional definition.

"In short, our recent cases have been correct to apply § 6-3-7 to actions against LLCs, and I believe we should now repudiate our decisions applying § 6-3-2."

369 So. 3d at 670-72 (Mitchell, J., concurring in the result) (footnotes omitted).

We agree with the reasoning set forth in Justice Mitchell's special writing in Ex parte Alabama Power Co., as well as the discussion set forth by the Court of Civil Appeals in Ex parte Honda that the statute governing venue for corporations, i.e., § 6-3-7, applies to a case such as the present case, which involves LLCs. To the extent that prior cases such as Ex parte WMS, LLC, 170 So. 3d 645 (Ala. 2014), hold otherwise,

10

they are overruled. Accordingly, we conclude that the Mobile Circuit Court erred in granting the motion to change venue, which was based on the rationale that the applicable venue statute is § 6-3-2.

Because the Mobile Circuit Court applied the incorrect venue statute in granting the motion to change venue, we grant the plaintiffs' petition and issue a writ of mandamus to the Mobile Circuit Court directing it to vacate its order changing venue.

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Wise, Sellers, Cook, and McCool, JJ., concur.

Shaw, J., concurs specially, with opinion.

Bryan, J., concurs in the result.

Mendheim, J., recuses himself.

SHAW, Justice (concurring specially).

As noted in the main opinion, there are two contradictory lines of cases touching on which Code section, § 6-3-7, Ala. Code 1975, or § 6-3-2, Ala. Code 1975, controls the proper venue of actions against a limited-liability company ("LLC"). The decision in Ex parte Miller, Hamilton, Snider & Odom, LLC, 942 So. 2d 334, 336-37 (Ala. 2006), explains why § 6-3-2 should govern venue of such actions, and it was subsequently applied in Ex parte WMS, LLC, 170 So. 3d 645, 650 (Ala. 2014). Later cases, however, have applied § 6-3-7 in actions against LLCs. See, e.g., Ex parte Road Gear Truck Equip., LLC, 300 So. 3d 1101, 1107-08 (Ala. 2019) (plurality opinion); Ex parte Engineering Design Grp., LLC, 200 So. 3d 634, 638 (Ala. 2016); and Ex parte J & W Enters., LLC, 150 So. 3d 190, 193 (Ala. 2014). Those subsequent cases do not explain why that Code section is applicable; the application of § 6-3-7 in those cases appears to be perfunctory, unchallenged, or assumed. See Ex parte Road Gear, 300 So. 3d at 1108 (stating that § 6-3-7 "governs venue for actions against corporate defendants"); Ex parte Engineering Design, 200 So. 3d at 638 n.2 (noting that venue was undisputed and any challenge to venue

had been abandoned); and <u>Ex parte J & W Enters.</u>, 150 So. 3d at 193 (stating that there was "no dispute" that venue was proper).

In <u>Ex parte Alabama Power Co.</u>, 369 So. 3d 662 (Ala. 2022), the main opinion applied § 6-3-2 in an action against an LLC, citing <u>Ex parte Miller</u> and <u>Ex parte WMS</u>. However, the main opinion did not attempt to resolve which line of cases applied the correct Code section, nor does it appear that the Court was called upon to do so.[1] Now that the issue is squarely presented to this Court, I agree with the analysis in the main opinion that § 6-3-7 controls.

---

[1]There was no specific argument in that case recognizing the problem and asking this Court to address it. In my special writing concurring in the result, I did not address the controversy and instead disagreed with the main opinion's analysis under § 6-3-2 that venue was improper under that Code section. In my opinion, a change of venue was instead required under the doctrine of <u>forum non conveniens</u>. See <u>Ex parte Alabama Power</u>, 369 So. 3d at 668-69 (Shaw, J., concurring in the result).

13